[Civ. No. 5078. First Appellate District, Division Two.—March 13, 1925.]

JOSEPH E. McDONALD, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Appellants.

[1] NEGLIGENCE—INJURY BY ELECTRIC CAR—FAILURE TO LOOK BEFORE CROSSING TRACKS—CONTRIBUTORY NEGLIGENCE—PROVINCE OF JURY. In this action for damages for personal injuries sustained by plaintiff through having been struck by one of the electric cars of the defendant company, in view of the facts as to the location of defendant's tracks with reference to the public sidewalk along which plaintiff was walking, that plaintiff looked both ways along the intersecting street before leaving the sidewalk and again upon reaching the first track of the defendant company, upon both of which occasions he saw the electric car of defendant standing stationary upon the opposite side of the street, and that to have looked again before crossing the second track of defendant company, which was some thirty-five feet distant, would have necessitated his turning around and looking to the rear, due to a curve in the tracks at that point, it was for the jury to determine what

---

1. Duty of traveler, after looking both ways on approaching railroad crossing, to look just before crossing track, note, Ann. Cas. 1914A, 536.

would be the conduct of a person of ordinary prudence under similar circumstances.

[2] Id.—Duty of Pedestrian to Look and Listen—Instructions.— In such action it was not error to refuse one of defendant's requested instructions to the effect that even if the operators of the train failed to give a warning of its approach, this would not relieve plaintiff from the duty of ordinary care to look and listen for trains which might injure him, and if by the use of such care he might have ascertained that a train was coming and failed to do so, he cannot recover if such failure proximately contributed to his injury, where the same idea was embodied in another instruction given by the court, and in other instructions the court laid down the rule that "if . . . plaintiff did not exercise ordinary care or caution and . . . such failure contributed . . . to such accident in the slightest degree, or in any manner whatever . . . plaintiff cannot recover," and that a pedestrian, "if upon a railroad track, must leave it when a train approaches, and must use his senses of sight and hearing while walking over or along a railroad track to ascertain whether a train is approaching in either direction, and if he fails to take such precaution he is guilty of contributory negligence."

(1) 33 Cyc., p. 906, n. 49.   (2) 33 Cyc., p. 913, n. 92.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ford, Johnson & Bourquin and Devlin & Devlin for Appellants.

Ostrander & Carey, Philip M. Carey and Chapman, Trefethen & Chapman for Respondent.

LANGDON, P. J.—This is an appeal by the defendants from a judgment against them for twenty-five thousand dollars in an action to recover damages for personal injuries sustained by plaintiff and alleged to have been caused by the negligence of the defendants. The defendant company is the owner and operator of the electric train which caused the injury and the other defendant is the motorman who operated the same.

The defendants admit, in the briefs filed on their behalf in this court, that, from the conflicting evidence upon the

subject and the implied finding of the jury, this court must start from the premise that the negligence of the defendant was established. The question argued by appellant upon appeal is that the evidence offered by plaintiff on his own behalf convicts him of contributory negligence, barring his recovery.

The accident occurred near the intersection of Fourteenth and Franklin Streets, in the city of Oakland. Franklin Street runs north and south. It is intersected by Fourteenth Street, which runs east and west. The block to the east of Franklin Street, between Fourteenth and Thirteenth, is used by the appellant company as a depot where trains to and from San Francisco have their terminals. Double tracks approach the terminal from a northerly direction on Franklin Street and turn in a curve into the depot premises, and in doing this, necessarily, cross, the east sidewalk on Franklin, between Fourteenth and Thirteenth Streets. In walking in a southerly direction on the east sidewalk of Franklin Street, opposite the depot premises, the first track to be passed is that used by the outgoing or west-bound San Francisco trains, while the second track is used by the incoming or east-bound trains. All of these incoming trains come to a stop on the north side of Fourteenth Street before proceeding over that street and into the depot premises. The distance between the outgoing and incoming tracks is approximately thirty-five feet. The accident occurred in the afternoon. Plaintiff was walking in a southerly direction on the public sidewalk on the east side of Franklin Street, approaching its intersection with Fourteenth Street. Upon arriving at the north side of Fourteenth Street he looked both ways for traffic and proceeded across the street. When at about the center of Fourteenth Street he looked back and saw a single south-bound car of the defendant at a stop on the north side of Fourteenth Street near the "stop" sign. He continued to cross Fourteenth Street and after crossing the sidewalk on the south side of Fourteenth Street proceeded on the east sidewalk of Franklin Street across the tracks of the defendant, which turned off Franklin Street on a curve and into its station property. When he arrived at about the center of the

more easterly or north-bound track, he again looked back and saw the car standing in the same position as before. He continued on his way and when he was upon the west or south-bound track, he heard a rush of air and looking around saw the car was almost upon him. He jumped back, but was struck by the left-hand front corner of the car. The car had moved rapidly over the crossing and was then allowed to coast around the curve and across the sidewalk without any bell or warning being sounded and without any lookout being kept by the person operating the same.

[1] Appellants contend that because the plaintiff did not turn and look for the third time before stepping upon the south-bound track he is guilty of negligence as a matter of law under the cases decided in this state. We think the facts of this case distinguish it from the cases depended upon by appellant. Here the plaintiff looked twice, and both times saw the car standing stationary. He then attempted to walk about thirty-five feet, relying upon the car either remaining stationary or giving a warning signal of its approach. He was in plain view of the motorman upon the car and the car came up behind him. To see it again he would have had to turn around. An adequate idea of his situation and the naturalness of his actions under the circumstances cannot be conveyed without the aid of the map appearing in the record, or a view of the premises involved here. Such a view was had by the jury and the physical facts evidently had much to do with the determination of the controversy.

The peculiarity of the physical situation, the noisy, congested portion of the city in which the accident happened, the fact that the car approached plaintiff from the rear on a curve, the fact that the car was at a standstill on both occasions when the plaintiff looked at it, are factors entering into the determination of what was reasonable care upon the part of the plaintiff.

It is a question for the jury to determine what would be the conduct of a person of ordinary prudence under similar circumstances (*Scott* v. *San Bernardino etc. Co.*, 152 Cal. 604 [93 Pac. 677]). The jury has done so in this instance

under most careful instructions, after hearing the evidence and viewing the premises.

[2] The only other question raised is as to the failure of the court to give certain instructions on behalf of the defendant. One of these instructions was to the effect that even if the operators of the train failed to give a warning of its approach, this would not relieve the plaintiff from the duty of ordinary care to look and listen for trains which might injure him, and if by the use of such care he might have ascertained that a train was coming and failed to do so, he cannot recover if such failure proximately contributed to his injury.

The same idea is embodied in the following instruction given by the court: "The tracks of a railroad company are themselves a sign of danger, and one about to cross such tracks must exercise his faculties of sight and hearing to watch and listen for trains or cars going in either direction, and if, by exercising his faculties of sight and hearing as would an ordinarily careful person he could see or hear a car approaching either from the side or from behind, he fails to see such train and is injured thereby, and his failure so to see or hear said train contributes in the slightest manner, directly or proximately to the collision . . . the plaintiff cannot recover."

Repeatedly the court laid down the rule in the instruction: " . . . if in this case you find from the evidence that plaintiff did not exercise ordinary care or caution and that such failure on his part contributed . . . to such accident in the slightest degree, or in any manner whatever . . . plaintiff cannot recover." Again, the jury was instructed: . . . "A pedestrian, if upon a railroad track, must leave it when a train approaches, and must use his senses of sight and hearing while walking over or along a railroad track to ascertain whether a train is approaching in either direction, and if he fails to take such precaution he is guilty of contributory negligence. . . . "

We think the instructions fully and fairly covered the defendants' rights in this litigation.

There are no other matters requiring discussion, and the judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

Appellants' petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 11, 1925.

All the Justices concurred.